IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## MIDDLE DISTRICT—HARRISBURG, 1887.

### C. S. SEGELBAUM v. J. T. ENSMINGER.

ERROR TO THE COURT OF COMMON PLEAS OF DAUPHIN
COUNTY.

Argued May 31, 1887—Decided October 3, 1887.

1. A sale and delivery of goods, not necessaries, upon the order of a married woman, but after an express notice from the husband to the vender not to sell to her upon his credit, imposes upon the husband no duty to return the goods or to notify the vender to remove them.
2. Nor, in such case, does the fact that the goods are suffered by the husband to remain in use in his house, become a ratification of the unauthorized sale so as to render him liable therefor.

Before GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; MERCUR, C. J., and PAXSON, J., absent.

No. 8 May Term 1887, Sup. Ct.; court below, No. 48 January Term 1886, C. P.

John T. Ensminger brought suit on November 25, 1885, against Charles S. Segelbaum to recover the amount of an account for merchandise sold and delivered between September 29, and November 10, 1885, amounting to $333.52.

The plaintiff was a dealer in carpets and house-furnishing goods, in Harrisburg. The defendant was a man of wealth, residing in the same city and conducting a large dry goods and variety store; his family, consisting of his wife and five children, two sons and three daughters, from ten to twenty years

(248)

of age. He kept his carriage, a man servant and several maid servants. The members of the family were prohibited from contracting debts without his knowledge. Purchases for family use on credit were kept on pass books. In the spring of 1885, the plaintiff had sold goods on the order of defendant's wife, for which the defendant had refused to pay, and payment was not made until a judgment had been recovered for the amount. A verbal notice was then given by the defendant to the plaintiff not to sell any goods to his wife on his credit. A like notice was given in June, 1885, as admitted by the plaintiff in his testimony. A like notice was again given in October following, when the plaintiff went to measure the defendant's rooms for carpets. On November 3, 1885, a written notice was served upon the plaintiff, signed by the defendant, which was as follows:

I again notify you that I will not pay for any goods or articles which you may sell or deliver to anybody without a written order from me. I am fully able to attend to my own business, as you well know. I have notified you several times before, and notwithstanding all this you still persist in sending me bills about which I have never been consulted at all, and for all these articles I positively refuse to pay. Very respectfully.—

The goods in the account sued for were carpets, rugs, curtains, lambrequins, window cornices, etc., many of which were kept on sale in defendant's store, and others would be ordered by him when desired by his customers. The articles were purchased by the defendant's wife without his knowledge or consent, delivered at his house and fastened upon his floors and windows in his absence.

These facts appearing in the evidence, the court, J. W. Simonton, P. J., answered the defendant's points and charged the jury as follows:

The trial of this case has consumed a good deal of time ; but as we look at it now there is not very much for you to do. There is one point perhaps, and but one for you to determine. We will, in the first place, read to you the points submitted by the defendant, and answer them:

1. The defendant having forbidden his wife to purchase goods

from the plaintiff on credit, and having notified the plaintiff not to sell to her, the defendant is not responsible for the price of the goods in suit, and the verdict must be for the defendant.

That point is refused.[1]

2. As the plaintiff had notice before he furnished the goods that the defendant had forbidden his wife to buy on credit, there can be no recovery in this case for the price of the goods, even though the goods were not returned.

That point is refused.[2]

3. A husband is not bound by the contracts of his wife unless made by his authority, except he make no provision for her and his family; and even then he is only liable for necessaries; and as the evidence in this case is clear and uncontradicted that the husband did support his wife and family, there can be no recovery by the plaintiff.

That point is refused.[3]

4. The articles contained in the plaintiff's bill are not necessaries, and the plaintiff cannot recover.

That point is also refused.[4]

These points are all refused, for the reason that if we were to affirm either of them, we would take the case entirely from the jury and decide it as a matter of law; whereas we conceive that there is a question of fact in the case for the jury. Therefore we cannot affirm either of the points presented by the defendant.

It has been said to you by the counsel for the plaintiff that there is really but one point in the case, and that is the point which arises on the question of ratification. We think that is fairly so. If the defendant did not ratify the purchase of those articles, then we think there is not sufficient evidence in the case to warrant a recovery by the plaintiff. We will, therefore, confine our instructions to you to the question of ratification.

As appears from the testimony these goods were purchased by the wife, and were delivered to the house of the defendant. He alleges, and has given testimony tending to show, that he had notified the plaintiff not to sell them to his wife; notified him that he would not pay for them; notified him that his wife had no authority to purchase. There is evidence of such

notice at perhaps three different times, and one or two of the notices at least, made at a date prior to the time when any of these goods were furnished. The written notice was dated the 2d of November, and was served on the 3d of November, as the witness testifies. That was after a good portion, perhaps—but that is for you to determine, whether the goods, more or less, had been delivered prior to that time. The other notices testified to were given, both of them, at an earlier date. One of them was said to be, and I think the plaintiff himself testified, that one of the conversations in regard to the wife not having authority to purchase, was at the time he was seeking to collect a prior bill, which I believe was at an earlier date, and at a date earlier than any of these purchases. [If you find that these notices were given, and that the goods were sold notwithstanding the notices, then the defendant would not be bound to pay for them unless he afterwards ratified the purchase. That means, unless he afterwards treated the goods as his own; accepted them, kept them, used them, treated them as his own.] [5]

There is testimony tending to show that he said to the plaintiff that he would return them, or that he would throw them out of the house. There is testimony, I believe, given by both sides that he ordered the plaintiff out of the house at one time when he came there to measure for some of the carpet. Did he return them? Did he keep them subject to the order of the plaintiff? For it would not be necessary that he should actually take them back himself. If the plaintiff sold the goods to the defendant's wife after he had notified him that she had no authority to buy, the plaintiff would not be bound to go to the trouble and expense of taking those goods back; and if he notified the defendant to come and get them, that he held them subject to the defendant's order, that would be all that he was bound to do. He could of course have taken them back and delivered them, and in that event he would not have been bound to pay for them. [You will have to determine what he did do; and if you find that he did not accept those goods; if he did not make them his own by treating them as his own; that he did not use them in his house and in his family; put them to the ordinary use that goods of that kind are for, or use them himself, or allow his family to

use them; if you find that he did not do that, then he would not be liable to pay for them. But if you find that he did do that—that he used the goods for his house—the carpet upon the floor and the curtains in the places where they were intended to be put, and kept them, and had them, and still keeps them, then it would not be fair or honest that he should not pay for them. He was not bound to use them when his wife bought them contrary to his order, and if he returned them to the defendant, he could not be required to keep them. If he did keep and use them, then he purchased them as his own.]⁶ If one buys goods for me, claiming to be an agent for the purchase, and he is not my agent, I do not need to take the goods, and I am not bound to pay for them. If I choose to take them after he has bought, although he had no right to buy, I have a right to keep them if I choose; but I am not bound to do it. But if I do keep and make them my own, and use them, then honesty requires me to pay for them. That is really the point in the case. You will have to determine that from all the evidence; and, I may say, in that point of view, the question whether these goods were or were not necessaries is of no consequence. If the wife had bought a horse and brought it home, without having a right to do it, and if the seller had been notified that she had no right to do it, yet if the defendant, the husband of the wife, keeps the horse and uses it as his own, he is bound to pay for it; or any other articles, whether a horse or not. It is the question, then, of ratifying and accepting the purchase of the particular article, whatever it may be. And that is the point that we will leave for you to determine. If you find that the defendant made these articles his own; either took them down or put them up as his own; used them as his own, or for himself and family, then he would be bound in law to pay for the price of them. If he didn't; if he held them subject to the order of the plaintiff; notified the plaintiff to come and take them; kept them set aside for the plaintiff; then he would not be liable. You must determine the case according as you find the facts.

A verdict was rendered in favor of the plaintiff for $353.33, and judgment entered; thereupon the defendant took this and assigned for error:

1-4. The answers to defendant's points.¹⁻⁴

5, 6. The parts of the charge embraced in [ ]⁵ [ ]⁶

*Mr. L. W. Hall* (with him *Mr. Francis Jordan*), for the plaintiff in error:

1. The court below, refusing all the points of the defendant, submitted to the jury to find whether the defendant returned the goods to the plaintiff or kept them subject to the plaintiff's order—an entirely immaterial question. The use of the goods where the plaintiff put them, in the face of the defendant's notice not to sell, and to remove them, was not such a use of them by the plaintiff as to amount to a ratification of the unauthorized purchase. No act is capable of ratification by the principal which was not performed by the agent, as agent, and on behalf of the principal: 1 Pars. Con. 287. All the points should have been affirmed: Etherington v. Parrot, 2 Ld. Raym. 1006; Fredd v. Eves, 4 Harr. 385; 2 Sm. L. C. 504, 443*; Manly v. Scott, 1 Sid. 122; s. c. 2 Sm. L. C. 471; Debenham v. Mellon, 43 L. T. Rep. N. S. 673; Jolly v. Rees, 109 E. C. L. R. 628.

2. The husband is not bound by the contracts of his wife, unless they are made by his authority or with his concurrence; with one exception, which is, that if the husband make no provision at all for his wife, he is liable for necessaries for her suitable to his estate and circumstances: Atkins v. Curwood, 7 C. & P. 721; Schouler, Dom. Rel., 80, 81; Reid v. Teakle, 76 E. C. L. R. 627; Devendorf v. Emerson, 66 Ia. 698.

*Mr. A. J. Herr* (with him *Mr. John E. Patterson*), for the defendant in error:

1. An express or implied assent of the husband may appear so that the contract of the wife may be the contract of the husband, as if the goods came to his house, or he appear well content with the use of them. If husbands shall not be bound by the contract of their wives for necessaries without their real assent, husbands may abandon their wives without just cause: Manley v. Scott, 2 Sm. L. C. 247,* 250,* 254.*

2. The points of the defendant were properly refused, because the fact was ignored that, in spite of the notice, the husband might be held responsible on his subsequent acts or declarations. And if the conclusion was reached that the

goods were necessaries, the defendant could not escape by giving any number of notices: Breinig v. Meitzler, 23 Pa. 156; Cunningham v. Irwin, 7 S. & R. 247; Mackinley v. McGregor, 3 Wh. 393.

3. Conceding that the goods were not necessaries: The court instructed that if the husband had not ratified the contract they must find in his favor. The principal must disavow the unauthorized act of the agent promptly or he will be held. Even silence of a party with a knowledge of the act, is evidence of ratification: Bredin v. Dubarry, 14 S. & R. 27; Mundorff v. Wickersham, 63 Pa. 87; Phil. Wil. & Balto. R. R. Co. v. Cowell, 28 Pa. 329; Kelsey v. Bank, 69 Pa. 426; Ward v. Williams, 79 Amer. D. 387, n.; Hamlin v. Sears, 82 N. Y. 327.

OPINION, MR. JUSTICE GREEN:

It was not questioned in the court below that the plaintiff had sold one or two bills of goods to the defendant's wife prior to the sale of the bill in suit, and that the defendant had refused to pay for them on the ground that they were sold to his wife without his knowledge and contrary to his wish. It was also admitted by the plaintiff and positively testified by the defendant that the defendant had orally notified the plaintiff, before any part of the present bill was sold, that he, the plaintiff, must not sell any more goods to defendant's wife without the defendant's authority, and if he did the defendant would not pay for them. On November 3, 1885, a written notice by defendant to plaintiff, dated November 2, 1885, was served upon the plaintiff, in which the defendant most explicitly notified him that he would not pay for any goods or articles which the plaintiff might sell to anybody without defendant's written order. Some of the goods charged in the present bill were sold and delivered after this notice, and the plaintiff neither took away nor offered to take away any of those which had been previously delivered if any such there were. The legal sufficiency of these notices both oral and written was admitted by the learned court below to relieve the defendant from liability, but he left to the jury the question whether the defendant had not subsequently ratified the purchase by his wife and thereby become liable to pay. In this we think there was error.

It is difficult to understand how there could be ratification in the face of such notices, as were given in evidence, from mere acquiescence on the part of the defendant; that is, simply permitting the goods to remain in the house; and there certainly was no evidence of express ratification. But we do not understand that there is any duty to return the goods resting upon the defendant when they were sold after express notice not to sell them, nor to notify the plaintiff that he may remove them, in order to relieve the defendant from liability. After notice not to sell the plaintiff sold to the wife at his peril. He could not charge the husband as his debtor for goods sold to the wife simply because he delivered the goods to the wife. A silent acquiescence by the husband in such a delivery was no acquiescence in a delivery to himself. If the seller chose to take his chance of recovering from the husband by a delivery to the wife after notice not to deliver to her, he had a right to take such a chance, but he could not improve it into a right of action against the husband simply because the husband was an indifferent spectator. No duty whatever was imposed upon him by such a delivery. He was not bound to remain out of his house in order to prevent an implication of ratification arising from the user of the articles by the mere occupancy of his own home. Nor was he in any manner bound to abstain from the use of articles thus voluntarily placed in his house by the plaintiff against his own will. He was subject to no duty to the plaintiff in such circumstances, and hence cannot be held responsible as for the breach of a duty. We have examined the evidence most carefully and can find nothing in it showing or tending to show a subsequent ratification of the wife's purchase, as his agent, by the husband; and therefore are clearly of opinion that the defendant's points should all have been affirmed under the testimony and the jury directed to render a verdict for the defendant.

Judgment reversed.